WENTWORTH, Appellant, vs. ABBETTS, Respondent.

*October 18 — November 5, 1890.*

*Ejectment: Plaintiff's title: Grant void under statute.*

A plaintiff in ejectment cannot recover upon a deed executed while sec. 7, ch. 86, R. S. 1858, was in force, if at the time of the delivery of such deed the land was in the actual possession of a person claiming under title adverse to that of the grantor.

APPEAL from the Circuit Court for *Waukesha* County. The action is ejectment to recover 37-100 of an acre of land in Waukesha county. The complaint is in the usual form. The answer is a general denial, and the ten and twenty years statutes of limitation, alleging adverse possession of the land claimed for those periods respectively.

In 1859 and before, one Osborne was the owner in fee of a triangular piece of land containing about 1 87-100 acres (parcel of a larger tract owned by him) located between a certain section line on the south, a certain other line on the east, and a highway extending northwest and southeast

crossing both those lines. Such highway is the northwest boundary of the triangular piece. In 1864, Osborne executed a conveyance to the plaintiff of such triangular piece. The land in controversy is the north 37-100 of an acre of such parcel of land, and the plaintiff claims title thereto under such conveyance. In 1859, Osborne conveyed the south one acre of the triangular piece to one Brown. In 1862, he sold and attempted to convey to Brown one half an acre immediately north of the one-acre tract, but the land was defectively described in the deed. This left the land in controversy, 37-100 of an acre in the north end of the triangular piece, unconveyed.

The testimony introduced on the trial tends to show that, immediately after the purchase of the one half acre in 1862, Brown took possession not only of the one half acre but of the 37-100 of an acre north of it, cultivated and improved the 37-100 of an acre, and used it as his own, and that he and those claiming under him continued to do so until the trial. The defendant claims under Brown. The jury found specially that, when plaintiff took his conveyance from Osborne, Brown was in the actual possession of the 37-100 of an acre, claiming title thereto adversely to that of Osborne. They also found facts showing ten and twenty years' adverse possession of the land by Brown and those claiming under him. Judgment for defendant was entered accordingly, from which plaintiff appeals.

For the appellant the cause was submitted on the brief of *D. H. Sumner*.

For the respondent there was a brief by *Parks & Robinson*, and oral argument by *Warham Parks*.

LYON, J.   The plaintiff's title to the 37-100 of an acre of land in controversy is denied in the answer. Hence, unless he proved his legal title thereto, he cannot recover, even though the defendant failed to show any title thereto in

himself.   No rule is better settled than that the plaintiff in ejectment must recover, if at all, on the strength of his own title — not on the weakness of that of his adversary.  Naked possession of the land by the defendant will prevail in ejectment against all the world except the holder of the legal title.

The plaintiff's claim of title rests entirely upon the deed executed to him by Osborne in 1864.   At that time sec. 7, ch. 86, R. S. 1858, was in force, and remained in force until the enactment of ch. 365, Laws of 1865.   The section was as follows: " Every grant of lands shall be absolutely void if at the time of the delivery thereof such lands shall be in the actual possession of a person claiming under title adverse to that of the grantor."   The jury have found upon sufficient evidence and under proper instructions that when such deed was executed Brown was in the actual possession of the land, claiming under title adverse to that of Osborne. It inevitably follows that the conveyance from Osborne is void, and the plaintiff has failed to establish his title.

Several errors are assigned, based upon the rulings of the court on the trial on objections to testimony.   These go to the questions of ten and twenty years' adverse possession found by the jury.   Inasmuch as we do not reach these questions, it is unnecessary to consider such rulings.   The failure of plaintiff to show that he ever had title to the 37-100 of an acre is conclusive of the case.

*By the Court.*— The judgment of the circuit court is affirmed.